SCHERNIKOW v. GILLIES. (Supreme Court, Appellate Division, First Department. December 24, 1908.) Action by Edward O. Schernikow against George M. Gillies. No opinion. Order affirmed, with costs. Order filed.

SCHERRER, Respondent, v. TANNENBAUM et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Mathilde Scherrer against Phillip F. Tannenbaum and others. No opinion. Judgment of the County Court of Kings county reversed, and new trial ordered, costs to abide the event, on the ground that the decision was against the weight of the evidence.

SCHOONMAKER et al., Appellants, v. HENRY STEERS, Inc., Respondent. (Supreme Court, Appellate Division, Third Department. January 22, 1909.) Action by John D. Schoonmaker and Jacob Rice, copartners doing business under the name and style of Schoonmaker & Rice, against Henry Steers, incorporated. No opinion. Motion denied.

SCHUSLER, Respondent, v. ERIE R. CO., Appellant. (Supreme Court, Appellate Division, Third Department. January 6, 1909.) Action by George A. Schusler, as administrator, etc., of Louis Schusler, deceased, against the Erie Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

SCHWAB v. POTTER et al. (Supreme Court, Appellate Division, First Department. December 31, 1908.) Action by Joseph E. Schwab against E. G. Potter and others. No opinion. Motion granted. Question certified. Order filed.

SCHWARTZ et al., Appellants, v. RIBAUDO, Respondent. (Supreme Court, Appellate Division, First Department. January 8, 1909.) Action by Morris Schwartz and others against Andrea Ribaudo. M. Meyers, for appellants. N. L. Reach, for respondent. No opinion. Determination affirmed, with costs. Order filed. See, also, 110 N. Y. Supp. 352.

SCULLY, Appellant, v. BLAUROCK, Respondent. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Patrick Scully against Andrew Blaurock. No opinion. Judgment unanimously affirmed, with costs.

SCULLY, Respondent, v. WHEELER, Appellant, et al. (Supreme Court, Appellate Division, First Department. December 31, 1908.) Action by John S. Scully against Clarence C. Wheeler, impleaded with others. C. J. Nehrbas, for appellant. E. V. Farley, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

SETON et al. v. CITY OF NEW YORK et al. (Supreme Court, Special Term, New York County. December 8, 1908.) Application for injunction by Alfred Seton and others, as trustees under the will of Peter Lorillard, against the City of New York and William R. Willcox and others, as the Public Service Commission for the First District of the State of New York, and another. Injunction granted. Reversed in Appellate Division (114 N. Y. Supp. 565). Philbin, Beekman & Menken, for plaintiffs. George S. Coleman (Henry H. Whitman, of counsel), for defendant Public Service Commission. Francis K. Pendleton (Francis J. Byrne, of counsel), for defendant city of New York.

SEABURY, J. This is an application for an injunction during the pendency of this action restraining the defendants from tearing down a wall which stands at the westerly side of the premises No. 241 Canal street, in the borough of Manhattan. The city of New York, by virtue of proceedings taken under the provisions of the rapid transit act, acquired title to the premises No. 241 Canal street on July 22, 1908. The said westerly wall extends upon the premises No. 243 Canal street from 2 to 2½ inches. The plaintiffs in this action, as trustees, are the owners of the premises No. 243 Canal street. The city of New York has acquired the whole right, title, and interest of the former owners of the premises No. 241 Canal street. These former owners and the plaintiffs entered into a certain agreement, dated August 8, 1898, wherein it was provided that the former owners of the premises No. 241 Canal street, in consideration of $3,750, "have granted, bargained, and sold, and hereby do grant, bargain, and sell, unto the said parties of the second party, their successors and assigns, the right or easement to insert in the said westerly wall of the building, now standing upon the said lot of the parties of the first part, the beams of the new building about to be constructed by the parties of the second part upon their said lot, and to maintain such beams in said wall as long as the same shall stand." It is also provided in said agreement "that the said wall shall be a party wall for the joint benefit of the buildings of the parties hereto as long as the same shall stand; it being expressly understood and agreed however, that the fee title to no portion of the land upon which said wall stands is conveyed hereby, but only an easement therein for the purposes specified." The building which is now upon the premises known as No. 243 Canal street is the "new building" referred to in this agreement. This building is at present supported by beams inserted in said westerly wall. The building which was on the premises known as No. 241 Canal street is now in course of demolition by the city authorities, although the westerly wall is still standing. The defendants do not threaten to take the fee of the soil owned by the plaintiffs, but do threaten to destroy that part of the "party wall" which stands upon the premises No. 241 Canal street. The interests of the plaintiffs in this party wall are established and fixed by the agreement of August 8, 1898. Under and by virtue of that agreement, the plaintiffs are the owners of an easement in that part of the wall which stands upon the premises No. 241 Canal street. In every